Dear Senator Guidry:
This office is in receipt of your recent request for the opinion of this office regarding the ownership and operation of public hospitals by municipalities.
You first question whether the governing body of a municipality may, by ordinance, create and authorize an independent, uncompensated board to administer a public hospital owned by the municipality, and, if so, if there are any limitations on the extent to which the municipality may delegate its powers and duties to operate the hospital to the board.
Your staff has advised that the municipality in question was incorporated under a special legislative charter. Therefore, we must first advise that the charter should be reviewed to determine whether the charter would in any way limit the ability of the governing authority to create the hospital board. We suggest that you consult with the municipality's attorney in this regard.
Assuming the charter would in no way impede the governing authority, please be advised that it has long been the opinion of this office that the legislature has given control and jurisdiction over the incorporated areas of a municipality to the governing body of each particular municipality. Atty. Gen. Op. Nos. 92-84, 84-749. Furthermore, our research did not reveal any provision of law which would prohibit a municipality from creating a board, such as you describe, to administer the hospital, and we are unaware of any provision of law which would limit the municipality's delegation of power and duty to the board. Of course, the governing authority cannot, by delegating its authority to the board, avoid ultimate responsibility for the hospital or the actions of the board, since the board will be acting on behalf of the municipality. Additionally, since the board will be acting on behalf of the municipal governing authority, it will also be subject to Louisiana's public records act, open meetings laws, public bid laws and ethics laws.
Your third question is whether, under the authority of R.S.46:1072(2), such a municipally created hospital board would be vested with the powers conferred upon hospital service districts by R.S. 46:1071 — 1077, entitled `Enhanced Ability to Compete' (the "EAC provisions").
Pertinently, R.S. 46:1072 provides that for purposes of the EAC provisions "hospital service district" means "a hospital owned by a city, parish, or other political subdivision of state . . .", and that "hospital service district commission" means "the governing authority or managing board of a hospital service district. . .". In accordance with the provisions of R.S. 46:1072, it is the opinion of this office that a municipal hospital operated by a municipally created board would be vested with any benefits and powers conferred upon hospital service districts by R.S. 46:1071 — 1077.
Your fourth question is whether there are any restrictions on the geographic area in which such a board may operate, and in particular, whether such a board could be authorized to administer a facility located within the territorial limits of a neighboring municipality, with the consent of the neighboring municipality.
Both the constitution and statutory laws of this state grant political subdivisions the authority to enter into cooperative endeavor arrangements. We see no reason why the board, acting on behalf of the municipal governing authority, could not enter into a cooperative for the administration of facilities in other municipalities. Particularly pertinent to your question is R.S.46:1077, which provides in part:
 "In addition to the powers and duties otherwise provided and notwithstanding any other law to the contrary, the board of commissioners of a hospital service district and any corporation or health facility owned or operated by such district or commission may contract with or engage in a joint venture with any person, corporation, partnership, or group of persons to offer, provide, promote, establish, or sell any hospital health service."
Clearly, this statute is intended to grant hospital service districts broad authority to enter into what might otherwise be considered unorthodox arrangements for the provision of health care. However the statute cannot, in our opinion, be interpreted to provide hospital service districts (or the municipality in question) with the ability to act extrajudicially unless a significant "hospital health service" will thereby be provided to the citizens the district or municipality is bound to serve.
We have not been provided information with regard to the type of facility located in the neighboring municipality, and, therefore, have no information as to whether or how the board's administration of a facility located in another town would foster the health needs of the citizens of the municipality of the board's domicile. Furthermore, it is the opinion of this office that a board created by a municipality to administer a municipal hospital could be not be granted any greater authority or power than that possessed by the municipality itself. Clearly, a municipality has no obligation, power or authority to provide for the health and welfare of citizens of adjoining municipalities. Therefore, we must caution you that the administration by one municipality (or its board) of a facility located in another municipality may be ultra vires if the obligation undertaken is substantially inconsistent with or beyond the scope of the first municipality's obligations or authority with respect to its own citizens. (In accord: Atty. Gen. Op. Nos. 95-141, 90-651).
It is noted that in Atty. Gen. Op. 92-219, this office stated:
 "LSA-R.S. 46:1077 provides authority for the board of commissioners of a hospital service district to contract with or engage in a joint venture or cooperative endeavor with virtually any entity, to offer, provide, promote, establish, or sell a hospital health service . . . Such action can be taken by the board of commissioners of the district without the participation of the police jury. By such action, a district may extend services into an area outside of its boundaries. . . In summary, boundaries of the district may be altered, even to the extent that they overlap other hospital service districts by the police jury, or the board of commissioners may enter into a wide range of agreements with other entities to provide health services outside the district's boundaries. However, the hospital service district's board of commissioners may not, on its own, extend its services into an area outside its boundaries." (Emphasis added).
Clearly, the highlighted portion of the above-quoted language could be misinterpreted to mean that hospital service districts can engage in all sorts of endeavors beyond their own boundaries. However, it is important to note that that opinion addressed the provision of service by a parochial hospital service district into other areas of the parish it was created to serve. It did not address the issue of whether a political subdivision can act, or authorize a board to act on its behalf, extra-territorially or in a manner beyond the scope of its authority or purpose. Opinion No. 92-219 did not address, nor should it be interpreted as sanctioning, the provision of any hospital health service that did not directly benefit the hospital health needs of the citizens the district was created to serve.
We trust the foregoing to be of some assistance. You have asked that we address some rather broad questions, and we have tried to answer them as clearly and comprehensively as possible. Should you need further assistance with regard to specific factual scenarios, we will be happy to try to address these issues with more particularity.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _______________________________ JEANNE-MARIE ZERINGUE BARHAM
Assistant Attorney General
RPI:JMZB:cla
Date Received:
Date Released:
Jeanne-Marie Zeringue Barham Assistant Attorney General